tary that I suffer [with] daily." *Id.* Vann claims that his injury was "ignored by the medical staff in basic training," and "was told to finish training or be recycle[d]." *Id.* at 2.[1]

Vann fails to appeal any issue over which we have jurisdiction. Regarding Vann's complaints of anxiety, Vann, who at the time was represented by counsel, failed to raise that issue before either the Board or the Veterans Court. We generally do not decide issues that a petitioner failed to raise before the Veterans Court. *Forshey v. Principi,* 284 F.3d 1335, 1358 (Fed.Cir.2002) (en banc).

As for the Veterans Court and Board's analysis of Vann's lower back pain, Vann argued to the Veterans Court that the Board failed to sufficiently consider all evidence of record, and the September 2011 examination was inadequate. These arguments, as the Veterans Court correctly identified, involve either purely factual determinations or, at most, application of law or regulations to the facts. The Board's weighing of the evidence and finding of no service connection are questions of fact that we lack jurisdiction to review. *Bastien v. Shinseki,* 599 F.3d 1301, 1306 (Fed.Cir.2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder."). The adequacy of a medical examination and medical opinion are also questions of fact that we lack jurisdiction to review. *See, e.g., Prinkey v. Shinseki,* 735 F.3d 1375, 1383 (Fed.Cir.2013) ("[T]he sufficiency of a medical opinion is a

matter beyond our jurisdictional reach, because the underlying question is one of fact."); *Cook v. Principi,* 353 F.3d 937, 940–41 (Fed.Cir.2003) (finding that the sufficiency of the Board's statement of the reasons for its decisions includes the application of law to facts). Even broadly construing Vann's pro se appeal to our Court and the arguments made by his counsel to the Veterans Court, Vann fails to raise any argument or issue that we have jurisdiction to consider on appeal. Because we are without jurisdiction to review Vann's appeal, we must dismiss his appeal for want of jurisdiction.

### DISMISSED

#### COSTS

No costs.

---

COT'N WASH INC., Big 3 Packaging LLC, Plaintiffs–Appellants

v.

SUN PRODUCTS CORPORATION, Defendant–Appellee.

No. 2014–1805.

United States Court of Appeals, Federal Circuit.

June 4, 2015.

---

[1]. Vann also checked a box on his informal brief indicating that the Veterans Court decided a constitutional issue. Vann did not, however, raise any constitutional arguments and the Veterans Court decision did not discuss any constitutional considerations. As Vann's appeal focuses entirely on the merits of the Veterans Court decision, his characterization of his appeal as involving constitutional issues does not control our jurisdiction. *Flores v. Nicholson,* 476 F.3d 1379, 1382 (Fed.Cir. 2007) (finding that an appellant's characterization of an argument as constitutional is not dispositive when the underlying argument fails to raise "a separate constitutional issue").

Steven Molo, MoloLamken LLP, New York, N.Y., argued for plaintiffs-appellants. Also represented by Benoit Quarmby; Eric Richard Nitz, Robert Kelsey Kry, Washington, DC.

Errol Taylor, Milbank, Tweed, Hadley & McCloy, LLP, New York, N.Y., argued for defendant-appellee. Also represented by Fredrick Zullow, Anna Brook.

DYK, MOORE, and CHEN, Circuit Judges.

### JUDGMENT

PER CURIAM.

THIS CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

AFFIRMED. *See* **Fed. Cir. R. 36.**

**Robert HENDERSON, Petitioner**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 2015–3055.

United States Court of Appeals, Federal Circuit.

June 4, 2015.

Robert Henderson, Morongo Valley, CA, pro se.

Sara B. Rearden, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by Bryan G. Polisuk.

Before PROST, Chief Judge, LOURIE and REYNA, Circuit Judges.

PER CURIAM.

Petitioner Robert Henderson appeals a decision of the Merit Systems Protection Board ("Board") dismissing his appeal as untimely filed. We conclude that the Board did not abuse its discretion in dismissing Mr. Henderson's appeal because Mr. Henderson's appeal was untimely and Mr. Henderson did not provide good cause for the delay. Thus, we affirm.

Mr. Henderson was formerly a Training Instructor with the United States Marine Corps. On February 7, 2014, the Department of the Navy ("agency") removed Mr. Henderson from his position. The record indicates that the letter informing Mr. Henderson of his dismissal was delivered on February 12, 2014, and the letter listed February 28, 2014 as the effective date of Mr. Henderson's removal.

Mr. Henderson filed an appeal with the Board on April 14, 2014, forty-five days after the effective date of his removal. In response, the administrative judge issued an acknowledgment order on April 15, 2014 and two days later ordered the parties to respond. Mr. Henderson did not respond to the administrative judge's order. On May 5, 2014, the agency filed a motion to dismiss the appeal as untimely, to which Mr. Henderson also did not reply. Eight days later, the administrative judge issued an order on timeliness providing Mr. Henderson with information concerning timeliness and detailing the steps Mr. Henderson had to take to avoid dismissal.